```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


DANIEL SIMS AND ANDREA SIMS,    )
                                )
          Plaintiffs,           )
                                )
     v.                         )     Case NO. 2:02 cv 187
                                )
EGA PRODUCTS, INC.,             )
a Wisconsin Corporation,        )
                                )
          Defendant.            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Compel Non-Parties' Response to Subpoena filed by the defendant, EGA Products, Inc., on May 27, 2005. For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

Background

This discovery dispute arises out of claims brought by Daniel and Andrea Sims for injuries Daniel Sims sustained after falling from an aerial lift manufactured by EGA. On April 29, 2005, EGA issued a subpoena to Rockwell Automation, Daniel Sims' employer, requesting the production of the entire personnel file of Eric Egas. The subpoena originally included medical records, although the request for medical information subsequently was withdrawn. (Reply Brief, p. 3 n.1). In addition, EGA subpoenaed "[a]ll documents and notes of any kind of any investigation by Rockwell Automation of the work related injury of Robert Bigott in January 2001 . . . including any preliminary investigation notes, statements, Incident Reporting and Investigation Form and conclusions or findings." (Mot. to Compel ∂ 1) Egas, who is

neither a party nor non-party in this suit, was the Rockwell employee who was operating the fork lift that elevated Daniel Sims on the aerial platform where he was injured. Bigott, who also is neither a party nor non-party, is a former Rockwell employee who fell from a ladder approximately eight months before Daniel Sims' fall. EGA seeks information regarding these employees because the extent of Sims' injuries prevents him from testifying.

## Discussion

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery regarding any matter that is relevant to a claim or defense of any party and not privileged. The district court has broad discretion in determining the scope of discovery. *See* ***Patterson v. Avery Dennison Corp.***, 281 F.3d 676, 679 (7th Cir. 2002). In reaching this determination, the relevancy of potential discovery should be liberally construed. ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). Nevertheless, discovery "has ultimate and necessary boundaries." ***Oppenheimer Fund***, 437 U.S. at 351, 98 S.Ct. at 2389 (quotation omitted). The relevancy requirement "should not be misapplied so as to allow fishing expeditions in discovery." ***Zenith Electronics Corporation v. Exzec, Inc.***, No. 93 C 5041, 1998 WL 9181, at *2 (N.D. Ill. Jan. 5, 1998).

EGA seeks Eric Egas' employment file on the grounds that his "training and work record with regard to fork lift operation and

aerial platforms are similar to Daniel Sims" and may provide insight into the type of training that Sims had at the time of his accident.  (Mot. to Compel ∂ 6) However, EGA has made no showing that Egas' entire personnel file is relevant to this case.  Because Egas is not a defendant or non-party in this action, his work performance and disciplinary records have no relevancy in this suit and could not possibly lead to discoverable evidence regarding Sims' own work performance, safety training, or knowledge.  Similarly, Egas' pay rates, direct deposit authorizations, educational records, tax documents, insurance forms, and social security number have no bearing on this case and are not a proper subject of discovery.

Egas' training records, which may be relevant to this litigation, already have been produced by Rockwell several times.  Although the court views the further production of Egas' training records as needlessly duplicative, Rockwell agreed to produce the training records contained in Egas' personnel file in its response brief to EGA's motion to compel.  Therefore, the court will grant EGA's motion insofar as it relates to those records.

EGA's request for the Robert Bigott injury investigation file also is not well-taken.  The only connection EGA alleges between Daniel Sims and Bigott's accident was that Sims was the Safety Coordinator and a plant supervisor at Rockwell, discussed the use of an aerial platform with Rockwell's worker's compensation director James Sharpe after Bigott fell from a ladder, and was responsible for implementing the ladder/aerial platform

3

safety policy that was created after Bigott fell.  However, neither Sims, a forklift, nor an EGA aerial lift were involved in Bigott's accident.  Sims' own personnel file and training records have been produced, and multiple witnesses, including Sharpe, have been deposed regarding the discussions with Sims on the subject of, as well as changes made to, the ladder safety policy after Bigott's fall.  Nevertheless, Rockwell has agreed to produce the investigation file in order to resolve this discovery dispute.  Accordingly, the court will grant EGA's motion to compel with respect to the investigation file.

_____

For the foregoing reasons, the Motion to Compel Non-Parties' Response to Subpoena filed by the defendant, EGA Products, Inc., on May 27, 2005 is **GRANTED IN PART** and **DENIED IN PART**.  Rockwell Automation is **ORDERED** to produce the training records contained in Eric Egas' personnel file and a copy of the Bigott investigation file.

ENTERED this 29th day of June, 2005

s/ ANDREW P. RODOVICH
United States Magistrate Judge